UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

B. THOMAS GOLISANO,

        Plaintiff,

vs.

WALTER TUREK,

        Defendant.

_____

WALTER TUREK,

        Counter-Claimant,

vs.

B. THOMAS GOLISANO,

        Counter-Defendant.

_____

WALTUR TUREK,

        Third Party Plaintiff,

vs.

BLUE TIE, INC.

        Third Party Defendant.

_____

DECISION AND ORDER

14-CV-6411-CJS

**APPEARANCES**

For Plaintiff/Counter-Defendant:      Glenn E. Pezzulo, Esq.
Culley, Marks, Tanenbaum & Pezzulo
36 Main Street West
Suite 500 Executive Office Building
Rochester, NY 14614-1790
(585) 546-7830

For Defendant/Counter-Claimant:          John G. Powers, Esq.
                                         Daniel B. Berman, Esq.
                                         Nina I. Brown, Esq.
                                         Hancock Estabrook, LLP
                                         1500 AXA Tower 1
                                         100 Madison Street
                                         Syracuse, NY 13202
                                         (315) 565-4500

## INTRODUCTION

**Siragusa, J.** This case, removed from New York State Supreme Court on diversity jurisdiction, is before the undersigned on Plaintiff's motion to remand, filed on August 11, 2014, ECF No. 7. For the reasons stated below, the Court grants defendant/counter-claimant Walter Turek limited discovery on the issue of plaintiff/counter-defendant B. Thomas Golisano's change of domicile.

## BACKGROUND

Plaintiff commenced this breach of contract lawsuit by filing a complaint in state court alleging, *inter alia*, that defendant Walter Turek ("Turek") is "an individual residing [in] . . . Sarasota, Florida," and that plaintiff B. Thomas Golisano ("Golisano") "is an individual residing at . . . Pittsford, New York, County of Monroe." Compl. ¶¶ 1–2, Jun. 10, 2014, ECF No. 1-2. Golisano is suing Turek to enforce Turek's guarantee of a loan. The loan at issue was made by JPMorgan Chase Bank, N.A., to BlueTie, Inc., with its principal place of business in Monroe County, New York, in the amount of $3,500,000.00, and guaranteed by Turek and two others. The borrower and guarantors defaulted, and Golisano then purchased the bank's right, title, and interest to the loan, including the guarantees.

Golisano alleges that Turek unconditionally guaranteed BlueTie's obligation to repay the loan, and that Turek failed to pay his pro-rata portion of the debt, amounting

to $780,190.83. Moreover, Golisano alleges that Turek has been unjustly enriched as well.

Turek removed the lawsuit to this Court, alleging diversity jurisdiction based on his position that at the time the action was commenced, he was a resident of Florida, and Golisano was a resident of New York. Notice of Removal, Jul. 22, 2014, ECF No. 1. Golisano moved to remand, alleging that he was actually a citizen of the State of Florida. Mot. to Remand, Aug. 11, 2014, ECF No. 7. Golisano filed an affidavit swearing that he is "a citizen of the State of Florida and [has] been since [he] filed a Declaration of Domicile in Florida in 2009." Golisano Aff. ¶ 6, Aug. 8, 2014, ECF No. 7-4. Golisano also declares that he owns numerous properties in Florida, has a Florida driver's license, is registered to vote in Florida, and has a Homestead Exemption in Florida. Finally, he avows that his "domicile in Florida and citizenship has been recognized by the New York State Department of Taxation and Finance." *Id.*

## STANDARDS OF LAW

As the Second Circuit explained in *Palazzo v. Corio*, 232 F.3d 38 (2d Cir. 2000):

> A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332 (1994), is a mixed question of fact and law. *See, e.g., Francis v. Goodman,* 81 F.3d 5, 7 (1st Cir.1996); *State Farm Mutual Automobile Insurance Co. v. Dyer,* 19 F.3d 514, 518 (10th Cir.1994); *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir.1992). The legal components of the question are well established. An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. *See, e.g., Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 948 (internal quotation marks omitted). At any given time, a person has but one domicile. *See, e.g., Rosario v. INS,* 962 F.2d 220, 224 (2d Cir.1992). Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change. *See Linardos v. Fortuna,* 157 F.3d at 948.

3

> To effect a change of domicile, "'two things are indispensable: First, residence in a new domicile; and, second, the intention to remain there. The change cannot be made, except *facto et animo.* Both are alike necessary. Either without the other is insufficient.'" *Id.* (quoting *Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377, 383, 24 S. Ct. 696, 48 L. Ed. 1027 (1904)). Questions as to a person's "intent to change, or not to change, his domicile from [one state] to [another]" are "factual" questions. *Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 244 (2d Cir.1984). A party alleging that there has been a change of domicile has the burden of proving the "require[d] ... intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality," and must prove those facts "by clear and convincing evidence." *Id.* at 243–44 (internal quotation marks omitted).

*Palazzo*, 232 F.3d at 42. Of course, if this case lacks complete diversity, this Court is without jurisdiction and would be required to grant Golisano's application to remand it to state court. 28 U.S.C.A. § 1447(c) (2014). "In resolving a motion to remand, courts must be mindful of considerations of federalism and the limited jurisdiction conferred on subject matter jurisdiction courts and should 'strictly construe[ ]' the federal removal statute, resolving all doubts 'in favor of remand.'" *Vasura v. Acands*, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000) (quoting *Miller v. First Security Investments, Inc.,* 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998) (internal quotation marks omitted)).

## ANALYSIS

Turek argues in his memorandum in opposition to Golisano's motion, and an affidavit in support from Daniel B. Berman, Esq., that "the Plaintiff has failed to satisfy his burden to demonstrate a change of domicile necessary to justify remand of this case to New York State Supreme Court." Turek's Mem. of Law 1. Turek has included news articles showing Golisano's political activities in New York State, including having "donated or pledged in excess of $24 million to organizations serving Rochester and the surrounding communities." *Id.* Further, Turek points out that Golisano purchased the Buffa-

lo Sabres to keep the team in Buffalo, New York, and "is reported to have said of his potential bid to buy the Buffalo Bills, '[t]he important thing is someone buys (the team) and keeps it in western New York.'" *Id.* (quoting Berman Decl. ¶ 11, Ex. 6, Aug. 25, 2014, ECF No. 10-2). Turek also points out that even Golisano's affidavit, claiming Florida is his domicile, was made in Monroe County, New York. *Id.* 3.

Turek relies in part on *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 456 (W.D.N.Y. 2011). In that case, the Honorable Richard Arcara of this Court wrote concerning Mark Zuckerberg's claim that his domicile had changed from New York to California. After affirming that "[a] person asserting a change in domicile bears the burden of proving it by clear and convincing evidence" (citation omitted), Judge Arcara stated,

> Courts consider the following objective indicators to ascertain domiciliary intent:
>
> > current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration [and] payment of taxes.
>
> *See Connolly v. Spielman*, 999 F. Supp. 270, 272-73 (N.D.N.Y. 1998) (citing 13B Charles Alan Wright, et al., Federal Practice and Procedure § 3612, (2d ed. 1984)). No single factor is conclusive and the determination is made based upon the totality of the circumstances.

Turek argues that unlike the situation in *Zuckerberg*, Golisano still maintains a residence in New York, built his fortune and maintains business interests in New York, used his New York residence when he filed the action that started this case, and used his New York address for notices to be provided to him under the contract that is at issue in this case. Turek Mem. of Law 4–5, Aug. 25, 2014, ECF No. 10. Further, Turek points out that unlike Zuckerberg, who stated that he spent no more than ten days in

New York, Golisano's "affidavit is silent with respect to time spent in New York, and he claims to have spent only the time in Florida necessary to avoid New York income taxes." *Id.* 5. Golisano is chairman of the company he founded, which is in New York, unlike Facebook, founded by Zuckerberg, which is located in California. Turek also points out that Golisano's affidavit is silent with respect to the other factors considered by Judge Arcara in *Zuckerberg*, such as:

> the location of his brokerage and bank accounts; membership in churches, clubs, and other associations; the location of his physician, accountant, lawyers (other than the Rochester New York lawyer who brought this action), or dentist, all of which are factors to be considered by courts looking at the "totality of the circumstances." *Ceglia,* 772 F. Supp. 2d at 456; *see also, Pacho,* 510 F. Supp. 2d at 333. Interestingly, while Plaintiff points out that he is registered to vote in Florida (Golisano Dec. ¶ 6), he makes no mention of having exercised this franchise.

*Id*. Turek also addresses the fact that Golisano pays no New York taxes arguing that this does not foreclose a finding that New York is his domicile. In support, he cites to *Pacho v. Enterprise Rent-A-*Car, 510 F. Supp. 2d 331, 333 (S.D.N.Y. 2007), which echoed other cases holding that the "location where taxes are paid," is one factor to consider in determining one's domicile. While the Court is certainly aware of the need to respect the doctrine of comity,[1] "the determination of domicile is a matter of federal common law, not state law." *Pacho,* 510 F. Supp. 2d at 334 (citing *Horton v. Bank One, N.A.,* 387 F.3d 426, 435–36 (5th Cir.), *cert. denied*, 546 U.S. 1149 (2006); *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 12 F.3d 171, 172 (10th Cir. 1993), *cert. denied*, 520 U.S. 1166 (1997); *Rodriguez–Diaz v. Sierra–Martinez*, 853 F.2d 1027, 1030 (1st

---

[1] The cases the Court's research found addressing comity in the tax realm concern taxpayer suits to enjoin the collection of taxes by the state.

Cir. 1988); 15 James Wm. Moore, et. al., Moore's Federal Practice, § 102.34[3][a] (3d ed.2007)).

Following oral argument of the motion, Golisano filed additional evidence. ECF No. 21. Included were the following:

1. Florida Declaration of Domicile (Acknowledged May 6, 2009);

2. Florida Department of Revenue Application for Ad Valorem Tax exemption (signed May 6, 2009);

3. Mr. Golisano's letter to Town of Mendon (May 8, 2009);

4. Copy of Florida Driver's License (issued May 6, 2009);

5. Florida Voter Registration (dated May 6, 2009);

6. Copies (2 pages) Last Will and Testament (dated March 9, 2010);

7. Letter from Timothy Noonan, who represented Mr. Golisano with respect to proceedings in front of the New York State Tax Department on the issue of New York State Department of Taxation Proceedings (w/o exhibits);

8. Domicile Summary prepared by Timothy Noonan, Esq.;

9. Copy of NY Tax Law §605(c) - charitable giving not factored into domicile determination.

Letter of Glenn E. Pezzulo to the Court, Sept. 30, 2014, ECF No. 21. Turek addressed the supplemental submissions, arguing they were insufficient to establish a change of domicile by clear and convincing evidence:

Following the Court's invitation to submit additional proof of his change of domicile, the Plaintiff submitted a copy of his driver's license [Dkt. 21-4], an unsigned and undated voter registration form [Dkt. 21-5], as well as tax documents by which Mr. Golisano terminated the STAR exemption on his real property in Fishers, New York [Dkt. 21-3], and claimed a homestead exemption in Florida [Dkt. 21-2].2 He did not provide any information with respect to other factors previously identified by Defendant that courts have held to be indicative of domicile, including, the location of his brokerage and bank accounts; membership in churches, clubs, and other associa-

tions; the location of his physician, accountant, lawyers (other than the
Rochester New York lawyer who brought this action), or dentist. *See
Ceglia* v. *Zuckerburg*, 772 F. Supp. 2d 453, 456 (W.D.N.Y. 2011); *Pacho*
v. *Enterprise Rent-A-Car,* 510 F. Supp. 2d 331, 333 (S.D.N.Y. 2007).

Turek Supp'l Mem. 3, Oct. 17, 2014, ECF No. 26. Turek points out that as with the

plaintiff in *Gold v. Katz*, No. 90 Civ. 7726 (RLC), 1991 WL 237807 (S.D.N.Y. Nov. 4,

1991), Golisano "still retains a New York home, which was originally his primary resi-

dence," 1991 WL 237807, *3, and has used his New York residence to receive notices

under the contract in dispute here, and used his New York residence when filing the

present lawsuit in state court. Compl. ¶ 1 ("Plaintiff, B. Thomas Golisano, is an individual

residing at . . . Pittsford, New York, County of Monroe.") & Ex. D (Loan Sale Agreement

¶ 10). In *Gold*, the Southern District determined that "[t]he factors pertaining to plaintiff's

domicile weigh nearly equally in favor of New York or Florida domicile." *Gold*, 1991 WL

237807, at *3, but ruled that he was a New York domiciliary. However, in *Gold*, it was

only months before the lawsuit began that the plaintiff averred he became a Florida

domiciliary. Here, Golisano maintains that he established his domicile in Florida in 2009,

several years prior to the commencement of the subject lawsuit.

Golisano's additional submissions include a legal analysis of domicile by his at-

torney, who relies on facts to establish domicile in Florida to his satisfaction. However,

with due respect to counsel's determination, the Court must determine whether Golisa-

no has established a Florida domicile by clear and convincing evidence. While Turek

asks the Court to simply declare Golisano's domicile is New York, the Court is not per-

suaded that it can make the factual determinations necessary on the record before it.

Consequently, the Court will grant Turek's alternative request for relief that he be per-

mitted to conduct discovery on the issue of Golisano's domicile at the time the action was commenced. Following such limited discovery, the Court will schedule a hearing for the purpose of taking testimony and receiving evidence in order to make the factual determinations necessary to decide whether Golisano was a domiciliary of New York, or was a domiciliary of Florida, at the time the action was commenced. *Badilla v. National Air Cargo, Inc.,* No. 12-CV-1066A, 2013 WL 5723324, at *11 (W.D.N.Y. Oct. 21, 2013) ("Where, as here, 'pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary,' jurisdictional discovery should be granted. *Pension Committee of University of Montreal Pension Plan v. Banc of America Securities, LLC,* 2006 WL 708470, *6 (S.D.N.Y.2006)).

## CONCLUSION

For the reasons stated above, the Court grants Turek's request for limited discovery as outlined above. In that regard, Turek is directed to settle an order with Golisano and present the same to the Court for consideration no later than February 13, 2015. Once such discovery is completed, the parties are directed to notify the Court in writing, and the Court will then set a hearing date for the receipt of evidence on the question of Golisano's domicile.

IT IS SO ORDERED.

Dated:   February 2, 2015
      Rochester, New York      /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge