**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

B. THOMAS GOLISANO,

      Plaintiff,

  -vs-

WALTER TUREK,

      Defendant.

---

WALTER TUREK,

      Counter-Claimant,

  -vs-           DECISION AND ORDER

B. THOMAS GOLISANO,        14-CV-6411-CJS

      Counter-Defendant.

---

WALTUR TUREK,

      Third Party Plaintiff,

  -vs-

BLUETIE, INC.

      Third Party Defendant.

---

**APPEARANCES**

For Plaintiff/Counter-Defendant:    Glenn E. Pezzulo, Esq.
                 Culley, Marks, Tanenbaum & Pezzulo
                 36 Main Street West
                 Executive Office Building, Suite 500
                 Rochester, NY 14614-1790
                 (585) 546-7830

| | |
|---|---|
| For Defendant/Counter-Claimant/<br>Third Party Defendant: | John G. Powers, Esq.<br>Daniel B. Berman, Esq.<br>Nina I. Brown, Esq.<br>Hancock Estabrook, LLP<br>1500 AXA Tower 1<br>100 Madison Street<br>Syracuse, NY 13202<br>(315) 565-4500 |
| For Third-Party Defendant: | Carolyn G. Nussbaum, Esq.<br>Kevin T. Saunders, Esq.<br>Nixon Peabody LLP<br>1300 Clinton Square<br>Rochester, NY 14604<br>(585) 263-1000 |

## INTRODUCTION

**Siragusa, J.** This case, removed from New York State Supreme Court on diversity jurisdiction, is before the undersigned on motion by third-party BlueTie, Inc. ("BlueTie") to dismiss the first cause of action in the Third-Party Complaint, filed on March 26, 2015, ECF No. 34. For the reasons stated below, BlueTie's application is granted.

## BACKGROUND

Plaintiff B. Thomas Golisano ("Golisano") is suing Walter Turek ("Turek") to enforce Turek's guarantee of a loan. Turek brought a third-party complaint against BlueTie, Inc., on August 27, 2014, ECF No. 12, of which he alleges that Golisano is chairman of the board of directors. Turek alleges that he is entitled to indemnification from BlueTie for "any and all losses, claims, liabilities and expenses which may arise as a result of the fact that [he is a] director of [BlueTie]." Third-Party Compl. ¶ 14, Aug. 27, 2014, ECF No. 12. BlueTie, Inc., has moved to dismiss the first cause of action, which reads as follows:

2

## FIRST CAUSE OF ACTION
## (Indemnification)

11. Plaintiff's Complaint alleges that he is the assignee of JPMorgan Chase Bank, N.A., (the "Bank") of an Advised Line of Credit Note (the "Note") [Compl. Ex. "A"] made by BlueTie, as well as three Continuing Guarantees "given to the Bank by ... [inter alia] Defendant" (the "Guaranty") [Compl. Ex "B"] claiming to have acquired his interest in the Note and Guaranty pursuant to a Loan Sale Agreement and Omnibus Assignment and Assumption Agreement (collectively, the "Assignment Documents") on March 29,2014. [Compl. Exs. "D" and "E."]

12. Plaintiff alleges that the Note is due and has not been paid by BlueTie.

13. Plaintiff alleges that he has made a demand for payment of what Plaintiff alleges to be Defendant's "pro-rata portion" of BlueTie's obligation on the Note, in the amount of $780,190.83, and alleges that he is also entitled to recover interest, reasonable costs, and attorney's fees.

14. Pursuant to Article IV of BlueTie's by-laws, Defendant is entitled to indemnification for "any and all losses, claims, liabities [sic] and expenses which may arise as a result of the fact that [he is a] director of [BlueTie]."

15. Defendant executed his Guaranty because he was a director of BlueTie.

16. While Defendant denies any liability to Plaintiff, in the event Plaintiff should recover any damages from Defendant, Defendant is entitled to indemnification from BlueTie as the maker of the Note and primary obligor in the full amount of any recovery against him by Plaintiff, together with the reasonable costs and attorney's fees incurred in defense of Plaintiff's causes of action pursuant to BlueTie's by-laws.

Third-Party Compl. ¶¶ 11–16. BlueTie argues that the first cause of action, alleging a contractual duty by BlueTie to indemnify Turek, "should be dismissed in its entirety, because documentary evidence shows that the obligation on which the claims against Turek are based was incurred in his individual capacity and BlueTie's By-Laws do not provide for or require indemnification where directors are acting in the capacity as individuals." BlueTie Mem. of Law 1, Mar. 26, 2015, ECF No. 34-4.

## STANDARDS OF LAW

*Fed. R. Civ. P. 12(b)(6)*

The general legal principles concerning motions under Rule 12(b)(6) are well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (*quoting Bell Atl. Corp. v. Twombly*) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that

4

the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). "The application of this 'plausibility' standard to particular cases is 'context-specific,' and requires assessing the allegations of the complaint as a whole." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Management Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (citation and internal quotation marks omitted).

Both parties have relied upon documents outside the complaint in support of their positions. As the Court of Appeals stated, "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference … and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit…." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted). Thus, the Court will employ the same rule in examining the papers outside the complaint relied upon by the parties here.

**ANALYSIS**

Regarding the pending motion to dismiss, the Court must decide whether the allegation in the complaint, specifically paragraph 15 (that Turek "executed his Guaranty because he was a director of BlueTie"), created a basis for indemnification pursuant to Article IV of BlueTie's By-Laws.

BlueTie relies on paragraph five of the complaint, and the Continuing Guaranty attached to the complaint as Exhibit B. Turek signed the guaranty on May 5, 2008, without using his title at BlueTie. The only mention of BlueTie in the guaranty is in the first paragraph:

5

> To induce JPMorgan Chase Bank, N.A. … to … make or acquire loans, extend or continue credit … to BlueTie Inc. … the undersigned … Guarantor absolutely and unconditionally guarantees to the Bank … the performance of and full and prompt payment of the Liabilities when due….

Compl. Ex. B, Continuing Guaranty at 1, Apr. 10, 2008, ECF No. 1-2. BlueTie contends that

> the By-Laws provide for indemnification only where a director incurs "any and all losses, claims, liabilities and expenses *which may arise as a result of the fact that they are officers and/or directors of the Corporation*" (emphasis added). Third-Party Complaint, ¶ 14; March 26, 2015 Affidavit of Carolyn G. Nussbaum ("Nussbaum Aff."), Exhibit 1.

BlueTie Mem. of Law 4. The By-Laws provided by BlueTie contain in Article IV—Indemnification, the following language:

> All officers and directors of the Corporation shall be indemnified by the Corporation, to the full extent permitted by and in the manner provided by the Business Corporation Law of the State of New York, against any and all losses, claims, liabilities and expenses which may arise as a result of the fact that they are officers and/or directors of the Corporation.

Nussbaum Aff. Ex. 1, BlueTie By-Laws Art. IV, Mar. 26, 2015, ECF No. 34-1.

New York Business Corporation Law provides authority for a corporation to indemnify its directors and officers, but only "by reason of the fact that he … is or was a director of officer of the corporation, or is or was serving at the request of the corporation…." N.Y. Bus. Corp. Law § 722(c) (McKinney's 2015). BlueTie cites to case law in support of its position that an individual guarantor cannot seek indemnification under the by-laws for a personal guarantee. *Tilden of New Jersey, Inc. v. Regency Leasing Sys., Inc.*, No. 6284/94 (N.Y. Sup. Ct., Nassau Co., Mar. 21, 1996), *aff'd Tilden of New Jersey, Inc. v. Regency Leasing Sys., Inc.*, 237 A.D.2d 431, 431, 655 N.Y.S.2d 962 (N.Y. App. Div. 2d Dep't 1997). In *Tilden*, a guarantor defendant, Jerry Kessler, sought indemnification pursuant to Article 7 of the New York Business Corporation Law, the

same article that encompasses section 722. Justice McCarty, in rejecting Kessler's claim, wrote:

> The claims against [Kessler] are based upon his execution of a guarantee on behalf of Regency Leasing Systems Inc. This is a business arrangement so commonplace that it would merit mention in Section 722 of the Business Corporation Law if the drafters intended to include it within the scope of the cited section. Absent such a specific inclusion, I do not believe that the statute can be read to embrace claims against guarantors who are also officers or directors.

*Id.* at 1. In its affirmance, the Appellate Division wrote the following:

> Inasmuch as the action against the defendant Jerry Kessler is based upon a personal guaranty, the action is not brought against him "by reason of the fact that he * * * was a director or officer of the corporation" within the meaning of that phrase as employed in Business Corporation Law § 722(a). Accordingly, the Supreme Court properly denied the motion seeking indemnification pendente lite pursuant to Business Corporation Law § 724 (*see, Dankoff v. Bowling Proprietors Assn. of Amer.,* 69 Misc.2d 658, 660, 331 N.Y.S.2d 109; *Spring v. Moncrieff,* 10 Misc.2d 731, 173 N.Y.S.2d 86; *Matter of P.J. Keating Co.,* 180 B.R. 18, 24–25; *see also,* 3 White, New York Corporations, § 722.01, at 7–361 [13th ed]; Bishop, Law of Corporate Officers and Directors—Indemnification and Insurance, § 3.11, at 66).

*Tilden*, 237 A.D.2d at 431.

In his responsive memorandum, Turek argues that "the allegations … that [he] is entitled to contractual indemnification as a Director of BlueTie are adequately plead and sufficient to survive BlueTie's motion to dismiss." Turek Mem. of Law 2, Apr. 16, 2015, ECF No. 37. He relies in part on *Marietta Corp. v. Pac. Direct, Inc.*, 9 A.D.3d 815, 817, 781 N.Y.S.2d 387 (N.Y. App. Div. 3d Dep't 2004). In that decision the Third Department stated:

> [C]ounsel fees and damages *to a business*, including reduced sales, lost contracts and lost profits, are recoverable where it can be demonstrated that such losses have actually been suffered by the claimant (*see Shu Yiu Louie v David & Chiu Place Rest.*, 261 AD2d 150, 152 [1999]; 67A NY Jur 2d, Injunctions § 222).

7

*Id.*, 9 A.D.3d at 817 (emphasis added). As the emphasized language shows, the Court granted relief based on harm done to the business, which was personally incurred by the claimant. This case is distinguishable from the situation here. Turek also relies on *Happy Kids, Inc. v. Glasgow*, No. 01 CIV. 6434 (GEL), 2002 WL 72937 (S.D.N.Y. Jan. 17, 2002). However as the district court's decision makes clear, the holding involved interpretation of a contract, not interpretation of the New York Business Corporation Law § 722:

> Although the question of advancement of attorney's fees starts with interpretation of the New York statute, it ends as one of contract interpretation. New York law provides for the indemnification of officers and directors for litigation expenses under certain circumstances. See BCL §§ 722, 723. Glasgow does not contend that such indemnification has been triggered here.

*Id.* at *1. One case Turek cites refers to section 721, which states, *inter alia* the following:

> The indemnification and advancement of expenses granted pursuant to, or provided by, this article shall not be deemed exclusive of any other rights to which a director or officer seeking indemnification or advancement of expenses may be entitled, whether contained in the certificate of incorporation or the by-laws or, when authorized by such certificate of incorporation or by-laws….

N.Y. Bus. Corp. Law § 721 (McKinney 2015). Turek argues that the indemnification provision in the By-Laws is broader than that permitted by section 722. In *Donovan v. Rothman*, 253 A.D.2d 627, 629, 677 N.Y.S.2d 327 (N.Y. App. Div. 1st Dep't 1998), the Court observed in *dicta* that "the corporation itself may make provisions for indemnification, whether by charter, by-laws or resolution or agreement of the shareholders or directors. No such provision or authorization was made in the matter before us."

It is obvious that Turek would not have signed a guarantee for BlueTie had he not been involved with the company in some way. However, Turek signed the guaranty

8

as an individual and the guaranty contains no indication he was signing it as an agent of BlueTie. In fact, the guaranty makes it clear that Turek was motivated to sign the guaranty because he "determined that executing this Guaranty is in [his] interest and to [his] financial benefit.…" Continuing Guaranty 1. Even assuming, for the sake of the motion, that he signed the guaranty because he was an officer of BlueTie, the guaranty makes it clear that JPMorgan was relying on Turek's personal assets, not BlueTie's, to back the loan. If Turek incurs liability, should that be the outcome of this litigation, it would not be incurred because he was a director or officer of BlueTie. In other words, any liability he might incur because of the guaranty, would not "arise as a result of the fact that [he is an] officer[] and/or director[] of the Corporation." Blue-Tie By-Law Art. IV. The Court finds that *Tilden* is directly on point and that BlueTie's By-Law provision does not authorize indemnification here for Turek's personal guaranty.

## CONCLUSION

For the reasons stated above, BlueTie's motion, ECF No. 34, to dismiss the first cause of action in the Third Party Complaint, ECF No. 12, ¶¶ 11-16, alleging a right to indemnification pursuant to BlueTie's By-Laws and New York Business Corporation Law § 722, is granted. The remaining causes of action, alleging a common law right to indemnification, and unjust enrichment, may go forward as plead.

IT IS SO ORDERED.

Dated:  June 4, 2015
      Rochester, New York        /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge