**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

B. THOMAS GOLISANO,

                      Plaintiff,

    -vs-

WALTER TUREK,

                      Defendant.
_____

WALTER TUREK,

                      Counter-Claimant,

    -vs-　　　　　　　　　　　　　　　　　　DECISION AND ORDER

B. THOMAS GOLISANO,　　　　　　　　　　14-CV-6411-CJS

                      Counter-Defendant.
_____

WALTUR TUREK,

                      Third Party Plaintiff,

    -vs-

BLUETIE, INC.

                      Third Party Defendant.
_____

**APPEARANCES**

| | |
|---|---|
| For Plaintiff/Counter-Defendant: | Glenn E. Pezzulo, Esq.<br>Culley, Marks, Tanenbaum & Pezzulo<br>36 Main Street West<br>Executive Office Building, Suite 500<br>Rochester, NY 14614-1790<br>(585) 546-7830 |
| For Defendant/Counter-Claimant/<br>Third Party Defendant: | John G. Powers, Esq.<br>Daniel B. Berman, Esq.<br>Nina I. Brown, Esq. |

|  |  |
|---|---|
|  | Hancock Estabrook, LLP<br>1500 AXA Tower 1<br>100 Madison Street<br>Syracuse, NY 13202<br>(315) 565-4500 |
| For Third-Party Defendant: | Carolyn G. Nussbaum, Esq.<br>Kevin T. Saunders, Esq.<br>Nixon Peabody LLP<br>1300 Clinton Square<br>Rochester, NY 14604<br>(585) 263-1000 |

## INTRODUCTION

**Siragusa, J.** This case is before the Court on Plaintiff's motion for summary judgment against Defendant, and to stay further discovery. Pl.'s Notice of Motion, Dec. 24, 2015, ECF No. 57. Defendant has filed opposing papers, ECF No. 63, Plaintiff has filed a Reply, ECF No. 69, and the Court heard oral argument on April 28, 2016. For the reasons stated below, the Court grants Plaintiff's application.

## BACKGROUND

Plaintiff B. Thomas Golisano ("Golisano") is suing Walter Turek ("Turek") to enforce Turek's personal guarantee of a credit note issued by J.P. Morgan Chase Bank, N.A., to BlueTie, Inc. ("BlueTie"). Golisano purchased the note from the bank and claims that BlueTie is in default. Golisano further maintains that he has called upon the personal guarantors, one of whom is Turek, to pay each's pro rata share of the note. Turek opposes the motion on the grounds that discovery is not complete, that there are issues of fact precluding summary judgment, and that as a minority shareholder in BlueTie, he has a defense against Golisano, a majority stockholder in BlueTie.

The guaranty Turek signed contains the following pertinent language:

**Guaranty**. To induce JPMorgan Chase Bank, N.A., whose address is 1 Chase Square, 9th Floor, Rochester, NY 14643 (together with its successors and assigns, the "Bank"), at its option, to make financial accommodations, make or acquire loans, extend or continue credit or some other benefit, including letters of credit and foreign exchange contracts, present or future, direct or indirect, and whether several, joint or joint and several, to BlueTie Inc. (whether one or more, the "Borrower", individually and collectively, if more than one), and because the undersigned (the "Guarantor") has determined that executing this Guaranty is in its interest and to its financial benefit, the Guarantor absolutely and unconditionally guarantees to the Bank, as primary obligor and not merely as surety the performance of and full and prompt payment of the Liabilities when due, whether at stated maturity, by acceleration or otherwise. The Guarantor will not only pay the Liabilities, but will also reimburse the Bank for any fees, charges, costs and expenses, including reasonable attorneys' fees (including fees and expenses of counsel for the Bank that are employees of the Bank or its affiliates) and court costs, that the Bank may pay in collection from the Borrower or the Guarantor, and for liquidating any Collateral (collectively, "Collection Amounts")

**Liabilities**. The term "Liabilities" in this Guaranty means all debts, obligations, indebtedness and liabilities of every kind and character of the Borrower, whether individual, joint and several, contingent or otherwise, now or hereafter existing in favor of the Bank, including without limitation, all liabilities, interest, costs and fees, arising under or from any note.

**Remedies/Acceleration.** If the Guarantor fails to pay any amount owing under this Guaranty, the Bank shall have all of the rights and remedies provided by law or under any other agreement. The Guarantor is liable to the Bank for all reasonable costs and expenses of any kind incurred in the making and collection of this Guaranty, including without limitation reasonable attorneys' fees and court costs. All obligations of the Guarantor to the Bank under this Guaranty, whether or not then due or absolute or contingent, shall at the option of the Bank, without notice or demand, become due and payable immediately upon the occurrence of any default or event of default under the terms of any of the Liabilities or otherwise with respect to any agreement related to the Liabilities (or any other event that results in acceleration of the maturity of any Liabilities, including without limitation, demand for payment of any Liabilities constituting demand obligations or automatic acceleration in a legal proceeding) or the occurrence of any default under this Guaranty.

**Nature of Guaranty.** This Guaranty is an absolute guaranty of payment and performance and not of collection. Therefore, the Bank may insist that the Guarantor pay immediately, and the Bank is not required to attempt to

3

collect first from the Borrower, the Collateral, or any other person liable for the Liabilities. The obligation of the Guarantor shall be unconditional and absolute even if all or any part of any agreement between the Bank and the Borrower is unenforceable, void, voidable or illegal or uncollectible due to incapacity, lack of power or authority, discharge for any reason whatsoever, and regardless of the existence of any defense, setoff, discharge or counterclaim (in any case, whether based on contract, tort or any other theory) which the Borrower may assert.

**Other Guarantors.** If there is more than one Guarantor, the obligations under this Guaranty are joint and several. In addition, each Guarantor under this Guaranty shall be jointly and severally liable with any other guarantor of the Liabilities. If the bank elects to enforce its rights against fewer than all guarantors of the Liabilities, that election does not release the Guarantor from its obligations under this Guaranty. The compromise or release of any of the obligations of any of the other guarantors or Borrower shall not serve to impair, waive, alter or release the Guarantor's obligations.

**Waivers.** The Guarantor waives (a) to the extent not prohibited by applicable law, all rights and benefits under any laws or statutes regarding sureties, as may be amended, and (b) any right the Guarantor may have to receive notice of the following matters before the Bank enforces any of the rights: every other notice of every kind that may lawfully be waived; (vi) the Borrower's default, (vii) any demand, diligence, presentment, dishonor and protest, or (viii) any action that the Bank takes regarding the Borrower, anyone else, the Collateral, or any of the Liabilities, which it might be entitled to by law or under any other agreement, (c) any defense based on any claim that the Guarantor's obligations exceed or are more burdensome than those of the Borrower, (d) the benefit of any statute of limitations affecting the Guarantor's obligations hereunder or the enforcement hereof, (e) any defense arising by reason of any disability or other defense of the Borrower or by reason of the cessation from any cause whatsoever (other than payment in full) of the obligation of the Borrower for the Liabilities, and (f) any defense based on or arising out of any defense that the Borrower may have to the payment or performance of the Liabilities or any portion thereof.

Continuing Guaranty ¶ 18, *attached to* Golisano Affidavit, Dec. 24, 2015, ECF No. 57-3

*as* Exhibit C, ECF No. 57-6.

## STANDARD OF LAW

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, … demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a) (2015). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir. 1996) (citation omitted).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Id.* at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**ANALYSIS**

Notwithstanding the broad waivers contained in the Continuing Guarantee, Turek essentially makes three arguments: (1) the motion for summary judgment is premature; (2) Golisano is not a holder in due course; and (3) as the majority shareholder in BlueTie, Golisano owed Turek, a minority shareholder, a fiduciary duty, which he breached in the acquisition and enforcement of the guaranty. Def.'s Mem. of Law at i, Feb. 2, 2016, ECF No. 64. Turek raises these argument by way of the counterclaims and affirmative defenses plead in his answer.[1]

*Summary judgment is not premature.*

The Court is aware that in "'[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.' *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citations omitted)." *Romeo Land Dev. LLC v. CVS Pharm., Inc.*, No. 11-CV-6516-CJS, 2014 U.S. Dist. LEXIS 66319, 5-6 (WDNY May 14, 2014). The parties have exchanged thousands of pages of discovery, but have not conducted depositions. Turek contends that the record, which he claims is incomplete, nonetheless

> raise[s] substantial issues of fact as to whether Plaintiff's actions regarding the efforts by both the Bank and Blue Tie to extend the Note both before and after it became due, as well as his claimed acquisition of the Note and other "Loan Documents," constituted a breach of his fiduciary duty to Blue Tie as well as to the minority shareholders who had guaranteed the Note.

---

[1] The sixteenth affirmative defense alleged that Golisano owed a fiduciary duty to Turek by virtue of Golisano's majority shareholder status in BlueTie; that Golisano refused to permit BlueTie to execute the documents to continue the line of credit; that he caused the Bank to declare the note in default; that by doing these things, Golisano was self-dealing; and that he failed to cause BlueTie to pay its debt to the bank. In the seventeenth affirmative defense, Turek alleges that Golisano acted as an alter ego by exercising complete cominion and control over BlueTie with respect to its debt to the bank.

Def. Mem. of Law 5. Turek also speculates that depositions would disclose further information that would supplement the record concerning genuine issues of material fact. *Id.*

The Court disagrees and finds that there are no material issues of fact precluding summary judgment. In that regard, the Court determines, as a matter of law, that Turek has waived his defenses to Golisano's enforcement of the note. Accordingly, the Court finds that Plaintiff's application for summary judgment is not premature.

### *Plaintiff is not a holder in due course; however he is a transferee.*

Golisano contends he is a holder in due course. New York's Uniform Commercial Code, which is the relevant statute here, defines a holder in due course as "a holder who takes the instrument (a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." N.Y. U.C.C. § 3-302. By his own admission, Golisano knew that BlueTie had defaulted on the note before he purchased it, so he cannot meet the requirement in subdivision (c).

However, Golisano is a transferee, and as such he is vested with "such rights as the transferor has therein…." N.Y. U.C.C. § 3-201. Thus, Golisano stands in the shoes of the bank with respect to the note and the Continuing Guaranty Turek signed.

### *Golisano Did Not Owe Turek a Fiduciary Duty*

Turek contends that the guarantee he signed does not waive any defenses he has as a minority shareholder. In a prior decision, the Court noted that "Turek was motivated to sign the guaranty because he 'determined that executing this Guaranty is in

7

[his] interest and to [his] financial benefit.…'" Continuing Guaranty 1. Decision and Order at 9, *Golisano v. Turek*, No. 14-CV-6411-CJS-JWF (W.D.N.Y. Jun. 5, 2015).

However, Turek cites to *Wells Fargo Bank, N.A. v. Bivona & Cohen, P.C.*, No. 12-cv-5212, 2015 WL 5752595 (S.D.N.Y. Sept. 30, 2015), in support of his position that his defenses have not been waived. In *Wells Fargo Bank*, the district court first examined "whether the defenses are precluded by the waivers in the guarantees, or whether they are capable of survival, before assessing Wells Fargo's specific arguments as to whether a genuine dispute of material fact remains." *Id.* 2015 WL 5752595, at *6.

Federal Rule of Civil Procedure 13 states in relevant part as follows:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). Golisano specifically objects to Turek's raising the Sixteenth and Seventeenth affirmative defenses, which are also the First and Second counterclaims (*see* footnote 1, above).

Golisano maintains that since the Court has already ruled that Turek signed the guaranty in his personal capacity, "not in his capacity as a shareholder, director or agent of BlueTie," Pl.'s Reply Mem. 2, Turek's defenses as a minority shareholder do not apply: "Contrary to Defendant's argument, Plaintiff owed no fiduciary duty to him vis-a-vis the Guaranty." Pl.'s Reply Mem. 3. In support of this contention, Golisano cites *Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 905 (2d Cir. 1998). In that case, the lawsuit was brought by the corporation against a former employee based upon allegations that the former employee breached his fiduciary duty to the corporation. Here, however, the lawsuit is brought by Golisano in his individual capacity against Turek in his individ-

8

ual capacity. Golisano seeks to enforce a contract entered into between Turek and a third party not involved in this lawsuit, the rights to which Golisano now owns. Turek's attempt to bring BlueTie into the case for the purposes of indemnification was unsuccessful. The Court determines that Golisano's fiduciary duty as a majority shareholder is irrelevant to this action.

Turek's Sixteenth and Seventeenth Affirmative Defenses include the allegation that "Upon information and belief, Plaintiff engaged in self-dealing and breached his fiduciary duty when he entered into the transaction with the Bank under which he purports to have taken an assignment of the Bank's rights under the Advised Line of Credit Note," and "Plaintiff breached his fiduciary duty to Defendant by failing to cause BlueTie to pay its obligation to the Bank." Turek Ans. ¶¶ 42–43. Golisano counters that "[b]ecause Defendant signed the Guaranty in his individual capacity, his attempt to dissuade the Court from granting summary judgment to Plaintiff under the Guaranty must fail because any fiduciary duty Plaintiff had is to the shareholders of the company." Pl.'s Reply Mem. 30.

In *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996), the Second Circuit pointed out the lack of fiduciary duties created by a collection agreement, writing:

> BFI claims that the appellants owed BFI a fiduciary duty distinct from their obligation to perform under the collection agreement, potentially implicating (i)[2] above. We disagree. Beladino did not occupy a position of trust or special confidence with regard to BFI that imposed obligations beyond the express agreements.

---

[2] "To maintain a claim of fraud in such a situation, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract…."*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996).

9

*Bridgestone/Firestone, Inc.*, 98 F.3d at 20. Like the defendant in that case, Golisano does not occupy a position of trust or special confidence vis-à-vis collecting on the Continuing Guaranty. Further, the issue of whether BlueTie approved the sale of the note by the bank is irrelevant as a defense to collection on the Continuing Guaranty. Since Turek signed the Continuing Guaranty in his personal capacity, and waived defenses to its enforcement, and since Golisano stands in the shoes of the bank, Turek may not raise his Sixteenth and Seventeenth affirmative defenses alleging breach of fiduciary duty and self-dealing.

## CONCLUSION

For the foregoing reasons, the Court determines Golisano is entitled to judgment on the continuing guaranty. Accordingly, the Clerk is directed to enter judgment in favor of Plaintiff B. Thomas Golisano in the amount of $780,190.83, with interest pursuant to 28 U.S.C. § 1961, and costs. Counsel may elect to file a motion to recover reasonable attorney's fees pursuant to the Continuing Guaranty, and if so, such a motion must be filed by September 16, 2016. The Clerk is directed not to close this action as some of Defendant Walter Turek's counterclaims remain pending.

IT IS SO ORDERED.

Dated:  August 26, 2015
       Rochester, New York        /s/ Charles J. Siragusa
                                         CHARLES J. SIRAGUSA
                                         United States District Judge